**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| AHMED YAHYA, | * |
| Plaintiff, | * |
| v. | * Case No. _____ |
| BOUBACAR BRAHIM A.K.A. BOCAR KAIZ, | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

Plaintiff Ahmed Yahya ("Plaintiff" or "Mr. Yahya"), by counsel, for its Complaint against Defendant Boubacar Brahim ("Defendant" or "Mr. Brahim") states as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Mr. Yahya is an internationally recognized football administrator and business leader from the Islamic Republic of Mauritania. Mr. Yahya currently resides in Nouakchott, Mauritania and is a citizen of Mauritania.

2. Defendant Boubacar Brahim, also known by the online alias name of "Bocar Kaiz," is a citizen of Mauritania who, upon information and belief, currently resides in eastern Kentucky. Mr. Brahim's exact address is unknown at the time of filing.

3. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, as detailed in the prayer for relief below.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant Brahim, upon information and belief, is domiciled in the district and has committed his defamatory acts from within the district.

5. Plaintiff brings this lawsuit against Defendant for a claim of Defamation.

## FACTUAL BACKGROUND

6. Plaintiff is a widely respected international football, i.e., soccer, executive and public figure whose career spans more than two decades of leadership in national, continental, and international football governance.

7. Plaintiff currently serves as President of the Mauritanian Football Federation, entering his fourth, four-year term since 2011 and has overseen unprecedented growth, modernization, and international recognition of Mauritanian football.

8. Plaintiff also serves in senior roles within FIFA, the Confederation of African Football, and the Union of Arab Football Associations, positions that demand the highest standards of integrity, transparency, and ethical conduct.

9. Plaintiff's professional reputation, personal integrity, and moral standing are essential to his ability to function in these roles and to maintain the trust of national and international institutions.

10. From at least October 2025 onward, Defendant has made false, malicious, and defamatory statements about Plaintiff through his social media accounts on TikTok and Facebook and persists in such conduct to the present day. Through these social media sites, Defendant publishes videos directed to and consumed by the small and tight-knit Mauritanian community of viewers to which both Defendant and Plaintiff belong. Within this community, information spreads rapidly by word of mouth, reposting, and informal sharing, such that defamatory statements

2

quickly reach a broad segment of the Mauritanian public. In this world, allegations are accepted by most readers to be as good as proof.

11. These false and defamatory statements made by the Defendant alleged that Plaintiff engaged in serious criminal, moral, and professional misconduct, including, inter alia, misuse and theft of football federation and FIFA funds, corruption, secret marriages, sexual impropriety, and the provision and trafficking of alcohol, all of which are false. Defendant made these statements publicly and repeatedly, knowing that they would cause severe reputational harm to Plaintiff within his professional, cultural, and religious communities.

12. Defendant has a TikTok account with 11.9 thousand followers through the username "bacar.kaize." Defendant also has a Facebook account with over 17,000 followers.

13. Defendant's statements were made publicly, in Arabic and in the Mauritanian dialect known as Hassaniya, and were directed to audiences in Mauritania and to Mauritanian diaspora communities in the United States, including a substantial Mauritanian community located in and around Cincinnati, Ohio. These communities are predominantly Islamic and socially close-knit, such that allegations involving alcohol use, sexual misconduct, and corruption carry extreme reputational, cultural, and social consequences.

14. Defendant has presented himself as a "truth teller" and whistleblower, encouraging viewers to share his videos widely and promising to continue exposing Plaintiff and others associated with Mauritanian football.

15. On October 25, 2025 and November 29, 2025, Defendant posted videos on TikTok that contained the following false and defamatory allegations:

- Defendant accused Plaintiff of secretly marrying a woman known as "Katoucha," betraying his wife of more than twenty years, and engaging in immoral personal conduct. Plaintiff is married to his wife and is the father of four children.

- Defendant asserted and/or implied that Plaintiff only began engaging in "secret marriages" after Plaintiff was elected President of the Mauritanian Football Federation in 2011, suggesting that Plaintiff's ascent to office was accompanied by moral decline and misuse of authority.

- Defendant repeatedly accused Plaintiff of stealing, diverting, misappropriating, and unlawfully using Mauritanian Football Federation and FIFA funds to finance the alleged secret marriage and personal benefits, including purchasing luxury vehicles, phones, travel, housing, and other benefits.

- Defendant accused Plaintiff of facilitating relationships between federation officials and women, providing housing and financial support to women using federation funds to enable the improper relationships, and engaging in morally reprehensible sexual conduct. Defendant also implicated federation officials as alleged "recruiters" who arranged women for Plaintiff and others, asserting and implying a pattern of sexual impropriety and abuse of office within the Mauritanian Football Federation.

- Defendant accused Plaintiff of unlawfully using football federation and FIFA funds to finance housing, travel, and relocation for women, including a former national team player, and deliberately implied that such expenditures were connected to sexual impropriety, illegitimacy, and serious moral misconduct. Defendant further asserted and/or implied that a former female national team player received housing and financial support funded by Mauritanian football money, that Plaintiff and his entourage contributed money to facilitate

4

her departure to the United States, and insinuated sexual impropriety and out-of-wedlock pregnancy tied to Plaintiff or his inner circle.

- Defendant accused Plaintiff of laundering money and stealing FIFA funds, including claims that funds were transferred to foreign jurisdictions, laundered, and returned for personal use. Defendant specifically asserted and/or implied that such transfers included foreign jurisdictions such as Mauritius, and that funds were "laundered" and returned to Mauritania for personal use, thereby accusing Plaintiff of serious felonious conduct involving moral turpitude.

- Defendant called the Mauritanian Football Federation a "mafia" and an "organized gang," and asserted and implied that Plaintiff and his entourage steal money from FIFA as part of a corrupt criminal enterprise.

- Defendant accused Plaintiff of trafficking and providing alcohol to football players, including allegations that alcohol was transported on Plaintiff's fishing boats or procured through hotels in Nouakchott, and asserted and/or implied that Plaintiff's inner circle supports these activities.

- Defendant repeatedly identified Plaintiff by name and position, referenced Plaintiff's leadership of Mauritanian football, and targeted Plaintiff's personal life, family, and professional integrity such that recipients reasonably understood Defendant to be referring to Plaintiff.

16. Each of these statements is false and was published to thousands of Defendant's social media followers.

17. In making these statements, Defendant acted with malice. Defendant knew his statements were false or acted with reckless disregard for their truth or falsity, including by

5

presenting accusations as "exposés," repeating them, and encouraging mass dissemination without any reliable factual basis.

18. Under Kentucky law, false statements that "attribute to someone a criminal offense,…serious sexual misconduct, or conduct which is incompatible with his business, trade, profession, or office" constitute defamation *per se*. *Davenport Extreme Pools & Spas, Inc. v. Mulflur*, 698 S.W.3d 140, 157 (Ky. App. 2024).

19. Under Kentucky law and the laws of Mauritania, theft, misappropriation of funds, fraud, and money laundering constitute serious criminal offenses. Defendant's false statements accusing Plaintiff of these crimes therefore constitute defamation *per se*.

20. Defendant's false statements regarding Plaintiff's alleged infidelity and other sexual improprieties are allegations of serious sexual misconduct and therefore constitute defamation *per se*.

21. Defendant's false statements regarding money laundering and misappropriation of Mauritanian Football Federation and FIFA funds directly accuse Plaintiff of conduct incompatible with his business, trade, profession, or office, and therefore constitute defamation *per se*.

## COUNT I

## DEFAMATION

22. Plaintiff incorporates the allegations of all paragraphs 1-21 of this Complaint as if fully restated herein.

23. Under Kentucky law, the elements for a claim of defamation are, (1) the existence of defamatory language; (2) that the language was about the plaintiff; (3) that the language was published to a third party; and (4) that the language caused injury to the plaintiff's reputation, though injury is presumed in cases of defamation *per se*. Under Kentucky law, false statements

that "attribute to someone a criminal offense,…serious sexual misconduct, or conduct which is incompatible with his business, trade, profession, or office" constitute defamation *per se*. *Davenport Extreme Pools & Spas, Inc. v. Mulflur*, 698 S.W.3d 140, 157 (Ky. App. 2024).

24. As outlined in Paragraph 15, Defendant made the following statements in TikTok videos published on October 25 and November 29, 2025:

- Defendant accused Plaintiff of secretly marrying a woman known as "Katoucha," betraying his wife of more than twenty years, and engaging in immoral personal conduct. Plaintiff is married to his wife and is the father of four children.

- Defendant asserted and/or implied that Plaintiff only began engaging in "secret marriages" after Plaintiff was elected President of the Mauritanian Football Federation in 2011—thereby suggesting that Plaintiff's ascent to office was accompanied by moral decline and misuse of authority.

- Defendant accused Plaintiff of stealing, diverting, misappropriating, and unlawfully using Mauritanian Football Federation and FIFA funds to finance the alleged secret marriage and personal benefits, including purchasing luxury vehicles, phones, travel, housing, and other benefits.

- Defendant accused Plaintiff of facilitating relationships between federation officials and women, providing housing and financial support to women using federation funds to enable the improper relationships, and engaging in morally reprehensible sexual conduct. Defendant also implicated federation officials as alleged "recruiters" who arranged women for Plaintiff and others, asserting and implying a pattern of sexual impropriety and abuse of office within the Mauritanian Football Federation.

7

- Defendant accused Plaintiff of unlawfully using football federation and FIFA funds to finance housing, travel, and relocation for women, including a former national team player, and deliberately implied that such expenditures were connected to sexual impropriety, illegitimacy, and serious moral misconduct. Defendant further asserted and/or implied that a former female national team player received housing and financial support funded by Mauritanian football money, that Plaintiff and his entourage contributed money to facilitate her departure to the United States, and insinuated sexual impropriety and out-of-wedlock pregnancy tied to Plaintiff or his inner circle.

- Defendant accused Plaintiff of laundering money and stealing FIFA funds, including claims that funds were transferred to foreign jurisdictions, laundered, and returned for personal use. Defendant specifically asserted and/or implied that such transfers included foreign jurisdictions such as Mauritius, and that funds were "laundered" and returned to Mauritania for personal use—thereby accusing Plaintiff of serious felonious conduct involving moral turpitude.

- Defendant called the Mauritanian Football Federation a "mafia" and an "organized gang," and asserted and implied that Plaintiff and his entourage steal money from FIFA as part of a corrupt criminal enterprise.

- Defendant accused Plaintiff of trafficking and providing alcohol to football players, including allegations that alcohol was transported on Plaintiff's fishing boats or procured through hotels in Nouakchott, and asserted and/or implied that Plaintiff's inner circle supports these activities.

- Defendant repeatedly identified Plaintiff by name and position, referenced Plaintiff's leadership of Mauritanian football, and targeted Plaintiff's personal life, family, and

professional integrity such that recipients reasonably understood Defendant to be referring to Plaintiff.

25. Defendant acted with malice. Defendant knew his statements were false or acted with reckless disregard for their truth or falsity, including by presenting accusations as "exposés," repeating them, and encouraging mass dissemination without any reliable factual basis.

26. As a direct and proximate result of Defendant's defamation, Plaintiff has suffered injury to his reputation, standing, and relationships within his professional, cultural, and religious communities, including reputational harm that undermines the confidence and trust required for Plaintiff's leadership roles in national and international football governance.

27. Because Defendant's statements are defamatory *per se*, damages to Plaintiff's reputation are presumed, but should the Court determine the statements are not defamatory *per se* but defamatory *per quod*, Plaintiff will in addition demonstrate extreme reputational harm, as well as commensurate pain and suffering, emotional and physical harm, and humiliation, Plaintiff is entitled to recover compensatory damages in an amount of $10 million.

28. Defendant's conduct was willful, malicious, and undertaken to maximize reputational harm, warranting an award of $10 million in punitive damages sufficient to punish Defendant and deter similar misconduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, presumed and general damages, punitive damages, costs, attorneys' fees where permitted, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kevin A. Imhof*
Kevin A. Imhof (KBA No. 98098)
TAFT STETTINIUS & HOLLISTER LLP
50 East RiverCenter Blvd, Suite 850
Covington, KY 41011-1682
(859) 331-6616
kimhof@taftlaw.com

Anthony J. Marcavage, Esq.
(*pending Pro Hac Vice admission*)
FLOOD LAW LLC
2600 Tower Oaks Blvd, Suite 290
Rockville, MD 20852
(240) 403-2619
anthony@fmlaw.org

*Attorneys for Plaintiff Ahmed Yahya*